Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
KATHLEEN HESEMAN

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| KATHLEEN HESEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIVERSIFIED CONSULTANTS, INC., )<br>)<br>Defendant. )<br>)<br>) | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT** |

### PLAINTIFF'S COMPLAINT

Plaintiff, KATHLEEN HESEMAN ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

3. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in the Stockton, San Joaquin County, California.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

16. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ.

Code §1788.2(c).

17. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

18. Within the last year, Defendant attempted collect a consumer debt from Plaintiff.

19. Defendant is a collection agency headquartered in Jacksonville, Duval County, Florida.

20. Defendant is a business entity engaged in the collection of debt within the State of California.

21. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

22. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

23. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

24. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

25. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

26. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

27. Defendant is contacting Plaintiff attempting to collect an alleged consumer debt from Sharina Fortino, originally owed to AT&T.

28. The alleged debt owed arises from transactions for personal, family, and household purposes.

29. Defendant calls Plaintiff of Plaintiff's cell phone at 650-995-62xx in an attempt to collect the

alleged debt.

30. Defendant calls Plaintiff from 510-606-9001, 510-460-1620, 510-606-9000, which are Defendant's numbers.

31. Within the last year, Plaintiff answered several of Defendant's phone calls.

32. When Plaintiff answers the phone and says "hello", Defendant proceeds to hang up on Plaintiff.

33. When Defendant placed the aforementioned calls to Plaintiff, Defendant did not state that the call was from Diversified Consultants, Inc.

34. Defendant is familiar with the FDCPA.

35. Defendant knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

36. On at least five occasions, Plaintiff has called Defendant back and instructed Defendant to stop calling Plaintiff.

37. Despite Plaintiff's request, Defendant continues to call Plaintiff in an attempt to collect the alleged debt.

38. Defendant calls Plaintiff at an annoying and harassing rate, sometimes calling Plaintiff up to four (4) times in a single day.

39. Defendant called Plaintiff using an autodialer system.

40. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

41. Defendant used the LiveVox system to make collection calls to Plaintiff.

42. Each morning, Defendant's employee loads into the LiveVox system approximately three to three-and-one-half million phone numbers.

43. Using the LiveVox system, Defendant calls upwards of ninety percent of those phone numbers on a daily basis.

44. The inputted phone numbers are stored until midnight, when they are wiped from the system.

45. The LiveVox system selects the numbers to be called according to a protocol or strategy entered by Defendant.

46. When a call is answered, the LiveVox dialing system connects the called party with a live representative of Defendant.

47. When Defendant's representative is ready to begin communicating with debtors, the representative logs into the LiveVox system and toggles a button within the application indicating that the representative is ready to receive live callers.

48. Using a pre-programmed algorithm designed to limit the amount of time between calls, LiveVox begins to simultaneously call multiple debtors.

49. Defendant's representative receives an audible "beep" in their headset once the LiveVox system connects with a debtor and transfers the call.

50. The LiveVox dialing system "operates exactly as a predictive dialer would."

51. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

52. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to her.

53. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

54. Defendant's calls were placed to telephone number assigned to a cellular telephone service for

which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

55. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

56. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

57. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

58. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant called Plaintiff and failed to state that call was from Diversified Consultants, Inc.

WHEREFORE, Plaintiff, KATHLEEN HESEMAN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

59. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

60. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

61. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

62. Plaintiff repeats and re-alleges paragraphs 1-57 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

63. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant placed calls to Plaintiff up to four (4) times a day and after Plaintiff told Defendant to stop calling;

   b. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances when Defendant called Plaintiff up to four (4) times a day and after Plaintiff told Defendant to stop calling; and

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, KATHLEEN HESEMAN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

64. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

65. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

66. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

67. Plaintiff repeats and re-alleges paragraphs 1-57 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

68. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

69. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

71. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, KATHLEEN HESEMAN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

72. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.

227(b)(3)(B).

73. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

74. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

75. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Agruss Law Firm, LLC

May 21, 2014                    By:_/s/ Michael S. Agruss_____
                                    Michael S. Agruss
                                    Attorney for Plaintiff